UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DIAMOUND DINA BROWN | ) | |
| | ) | No. 1:13-CV-34/1:11-CR-27 |
| v. | ) | *Judge Mattice* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Diamound Dina Brown ("Brown"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Doc. 153).[1] After entering a guilty plea to conspiracy to manufacture and distribute twenty-eight grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Brown received an 84 month sentence on October 17, 2011 (Criminal Docs. 134−Minute Entry, 138−Judgment of Conviction). In her § 2255 motion, Brown claims she was denied her Sixth Amendment right to effective assistance of counsel (Criminal Doc. 153).

Because Brown's § 2255 motion is time-barred, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court concludes Brown's § 2255 motion will be **DENIED** as time-barred (Criminal Doc. 153).

## I. Applicable Law

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255.

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Title 28 U.S.C. 2255(f) provides that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II. Timeliness

The statute of limitations in Brown's case began to run from the date on which her judgment of conviction became final. 28 U.S.C. § 2255(f) (1).[2] Brown was sentenced to a term of imprisonment for 84 months on October 17, 2011 (Criminal Doc. 134−Minute Entry), and her judgment of conviction was entered on October 20, 2011 (Criminal Doc. 138−Judgment). Brown did not pursue a direct appeal.

When a § 2255 movant does not pursue a direct appeal to the court of appeals, her conviction becomes final on the date on which the time for filing such appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Brown's judgment was entered on October 20, 2011, and Fed. R. App. P. 4(b)(1)(A) provides that a notice of appeal has to be filed within fourteen (14) days after entry of the judgment.

2 Clearly, sections (f) (2) through (4) are not applicable to Brown's case and she makes no such argument.

Rule 26(a) of the Federal Rules of Appellate Procedure instructs that weekends and holidays are counted in calculating the fourteen-day period. Under these rules, Brown had until November 3, 2011, to file a notice of appeal. Therefore, the one-year statute of limitations began to run on November 4, 2011, the date on which Brown's judgment of conviction became final. 28 U.S.C. § 2255 (f) (1).

Brown had one year from the time her judgment of conviction became final to file her § 2255 motion. Thus, Brown was required to file her § 2255 motion no later than November 2, 2012. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Brown certified under penalty of perjury that she gave prison authorities her motion for mailing on December 28, 2012 (Criminal Doc. 153, p. 20). Notably, the Clerk did not receive the motion until February 8, 2013. That makes sense however, because Brown explains the motion was returned to her on February 1, 2013, because she incorrectly addressed the envelope (Criminal Doc. No. 153-1). Using the December 28, 2012, date as the filing date since the § 2255 motion was given to prison authorities for mailing on that date, Brown's § 2255 is time-barred as it was filed more than a month after the expiration of the one-year statute of limitation for filing her § 2255 motion (Criminal Doc. 153).

### A. Prior Discovery Motion

As discussed above, normally the date on which the statute of limitations begins to run would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). Brown contends that her § 2255 motion should be deemed timely as it relates back to her *pro se* motion requesting her sentencing transcripts (Criminal Doc. 147). The Sixth Circuit

rejected a similar argument in *Johnson v. United States*, 457 Fed.Appx. 462, 468 (6th Cir. 2012) (Johnson's letter inquiring about deadlines and revealing his intent to file a § 2255 motion could not be construed as a § 2255 motion for purposes of the one year statute of limitation).

As in *Johnson*, Brown's motion requesting sentencing transcripts was not filed in the form of a § 2255 motion and in no way evidenced a clear intent to serve as a § 2255 motion. Rather, Brown's motion for transcripts was a request for her sentencing transcripts and, like the letter in *Johnson*, revealed her intent to file a § 2255 motion in the future (Criminal Doc. 147). Accordingly, even under the liberal rules of construction applied to *pro se* filings, Brown's motion requesting her sentencing transcript "cannot be construed as a § 2255 motion for the purposes of the § 2255 limitations period[,]" *id.* at 468, or as a ground for equitably tolling the statute of limitations.[3] *See United States v. Oriakhi,* 394 Fed. Appx. 976 (4th Cir. 2010) (diligent pursuit of transcripts did not toll § 2255 one year statute of limitations); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript . . . is not a condition precedent to the filing of [post-conviction relief]").

### B. New Claim of Timeliness

The Court gave Brown the opportunity to show cause why her § 2255 motion should not be dismissed as time-barred (Criminal Doc. 157). Brown has filed her

---

3 Notably, the Court denied Brown's motion requesting transcripts on February 3, 2012 (Criminal Doc. 148). At that time, the Clerk sent Brown the proper forms to file a § 2255 motion, but Brown waited more than ten months to file the motion.

response (Criminal Doc. 158). Although Brown's response is very confusing and lacks any specific factual allegations or supporting evidence, the Court discerns, Brown, for the first time, now claims she actually filed her § 2255 motion timely as it was filed on some unidentified date prior to December 28, 2012, the date reflected on her § 2255 motion and the date on which the Court previously deemed as the filing date (Criminal Doc. 158). Notably, Brown has failed to present any evidence, specific facts, or an affidavit supporting her new contention.

As the Court understands Brown's response to the Court's show cause order, without identifying the date, she now contends that although she did not sign and date her § 2255 motion until December 28, 2012, she had actually filed it prior to that date, but it was returned because she incorrectly addressed the envelope (Criminal Doc. 158, at 2). Specifically, in her unverified response to the Court's show cause order, Brown claims she previously filed her § 2255 motion, only to have it returned due to an incorrect address. Upon receipt of the returned pleading, she realized she had failed to sign and date the motion. Therefore, she signed the motion and had someone help her type the date of December 28, 2012, on it (Criminal Doc. 158). This unverified allegation, however, directly contradicts the letter she previously sent to the Court with her § 2255 motion explaining her § 2255 motion was returned to her on February 1, 2013, because it was incorrectly addressed (Criminal Doc. 153-1, at 1; 158 at 2). Importantly, Brown does not claim she incorrectly addressed the envelope twice and it was returned to her twice.

Aside from the fact that her claim to have signed and placed her § 2255 motion in the mail on December 28, 2012, would mean it took more than a month for her mailing to reach the Court as her pleading was not received until February 8, 2013, this new claim is

not credible because it directly contradicts the letter Brown sent with her § 2255 motion wherein she notified the Court her pleading was returned to her February 1, 2013, because it was incorrectly addressed (Criminal Doc. 153-1, at 1). The previous explanation filed with her § 2255 motion seems more credible and plausible since the Court received Brown's § 2255 motion on February 8, 2013, approximately one week after it was returned to her (Criminal Doc. 153). Brown has provided no credible proof demonstrating she initially gave her § 2255 motion to prison authorities for mailing prior to December 28, 2012. In sum, the preponderance of the proof before the Court demonstrates Brown initially signed and filed her § 2255 on December 28, 2012, but it was returned to her because she incorrectly addressed the envelope. After her motion was returned to her on February 1, 2013, she re-mailed the pleading to the correct address.

In this § 2255 proceeding, Brown has the burden of establishing by a preponderance of the evidence that her § 2255 motion was timely filed. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). For the reasons explained above, Brown has failed to prove, by a preponderance of the evidence, that she timely filed her § 2255 motion. Thus, Brown is not entitled to relief under 28 U.S.C. § 2255.

Although Brown does not argue she is entitled to have the applicable one year statute of limitations equitably tolled, in appropriate cases, the limitation period may be equitably tolled to excuse the tardy filing of a § 2255 motion. *Solomon v. United States,* 467 F.3d 928 (6thCir. 2006). Although application of the doctrine of equitable tolling to toll the one year statute of limitations applicable to § 2255 motions is permitted, *id.* at 935, to qualify for equitable tolling, a movant must demonstrate she has been diligently

pursuing her rights and that some extraordinary circumstance prevented her from timely filing her federal habeas petition. *Holland v. Florida,* 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003).

The burden is on Brown to show she is entitled to equitable tolling. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). Brown has failed to make either the diligent or extraordinary circumstance showing. Indeed, there is no credible evidence before the Court from which it may conclude equitable tolling saves Brown's § 2255 motion from the statute of limitations bar, and the record indicates she is unable to make either showing. Accordingly, equitable tolling is not applicable here.

## IV. Conclusion

For the reasons explained herein, Brown's § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED** in its entirety (Criminal Doc. 153).

An appropriate judgment order will enter.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE